E-FILED
Thursday, 18 October, 2018  11:00:49 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHEN C. COLEMAN, | ) |
| Plaintiff, | ) |
| v. | ) 17-CV-3286 |
| MARK BRADY, et al., | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

Plaintiff pursues this action pro se from his detention in the Pinckneyville Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.[1] This statute requires the Court to review a complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However,

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis (without prepaying the filing fee in full) unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

    Plaintiff alleges that two parole officers interrogated Plaintiff on August 6, 2013 without informing Plaintiff of his *Miranda* rights.  After that interrogation, Plaintiff was arrested on charges regarding the possession and manufacture/delivery of cannabis.  Illinois v. Coleman, 2013-CF-749 (Sangamon County).  According to Plaintiff, there was no probable cause for this arrest.  A review of the criminal docket shows that Plaintiff's motion to suppress the statements he made during the interrogation was granted.  Id., 7/30/14 docket entry.  Plaintiff was then released on his own recognizance in August 2014, while the State appealed.  Id. 8/13/14 docket entry.  In August 2015, the State dismissed the charges when the Illinois Appellate Court affirmed the ruling.  Id., 8/24/15 and 8/26/15 rulings.

    Plaintiff may state a plausible claim arising from the failure of Defendants to explain Plaintiff's *Miranda* rights before interrogating him. Aleman v. Village of Hanover Park, 662 F.3d 897, 906 (7th Cir.

2011)(§ 1983 claim stated where violation of *Miranda* led to statement used in criminal proceeding, even though trial did not occur). As for Plaintiff's arrest, Plaintiff does not offer enough facts to determine whether Plaintiff states a plausible claim for arrest without probable cause. Whether Plaintiff pursues a claim for continued detention without probable cause is unclear.

Regardless, these claims are barred by the two year statute of limitations. Woods v. Illinois Dept. of Children and Family Serv., 710 F.3d 762, 768 (7th Cir. 2013)("[T]he limitations period applicable to all § 1983 claims brought in Illinois is two years, . . . ."). The arrest and interrogation occurred in August 2013, more than four years before Plaintiff filed this case, and Plaintiff was released from custody in August 2014, more than three years before Plaintiff filed this case. The date of accrual of these claims may be debatable. *See* Manuel v. City of Joliet, 903 F.3d 667 (date of accrual for Fourth Amendment unlawful detention claim accrued when plaintiff was released); Wallace v. Kato, 549 U.S. 384, 387 (2007)(false arrest claim accrues when legal process commences). However, even using the later date as the date of accrual (August 2014), Plaintiff filed this case over one year too late. The statute of

limitations is an affirmative defense, but the Court can dismiss a case sua sponte if the issue is beyond debate. *See* Walker v. Thompson, 288 F.3d 1005, 1009 (7th Cir. 2002)("[W]hen the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit."). However, Plaintiff will be given an opportunity to file an amended complaint if he believes facts exist which might warrant a different conclusion.

**IT IS ORDERED:**

1) Plaintiff's complaint is dismissed without prejudice as barred by the two-year statute of limitations.

2) Plaintiff may file an amended complaint by November 13, 2018. If Plaintiff does not file an amended complaint, then this action will be dismissed as barred by the statute of limitations.

3) Plaintiff's motion for status is moot. (d/e 5.)

**4)  The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition (d/e 7) and assessing an initial partial filing fee.**

 ENTERED:   October 18, 2018

FOR THE COURT:

<u>     s/Sue E. Myerscough     </u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
