UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEPHEN C. COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 17-CV-3286 |
| | ) | |
| MARK BRADY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**SECOND MERIT REVIEW OPINION**

Plaintiff filed this action pro se from Pinckneyville Correctional Center. The Court dismissed the complaint as barred by the two-year statute of limitations but gave Plaintiff leave to file an amended complaint.

Plaintiff has filed letters which have been docketed as a motion for leave to file an amended complaint and motion to reconsider the Court's ruling that this action is time-barred.

As the Court summarized in its first merit review order, Plaintiff alleges that two parole officers interrogated Plaintiff on August 6, 2013 without informing Plaintiff of his *Miranda* rights. After that interrogation, Plaintiff was arrested on charges regarding

the possession and manufacture/delivery of cannabis. <u>Illinois v. Coleman</u>, 2013-CF-749 (Sangamon County). According to Plaintiff, there was no probable cause for this arrest or his continued detention, and he was subjected to an unreasonable search and seizure. A review of the criminal docket shows that Plaintiff's motion to suppress the statements he made during the interrogation was granted. <u>Id.</u>, 7/30/14 docket entry. Plaintiff was then released on his own recognizance in August 2014, while the State appealed. <u>Id.</u> 8/13/14 docket entry. In August 2015, the State dismissed the charges when the Illinois Appellate Court affirmed the ruling. <u>Id.</u>, 8/24/15 and 8/26/15 rulings.

The Court concluded that these claims were plainly barred by the two-year statute of limitations. <u>Woods v. Illinois Dept. of Children and Family Serv.</u>, 710 F.3d 762, 768 (7th Cir. 2013)("[T]he limitations period applicable to all § 1983 claims brought in Illinois is two years, . . . ."). The statute of limitations is an affirmative defense, but the Court can dismiss a case sua sponte if the issue is beyond debate. *See* <u>Walker v. Thompson</u>, 288 F.3d 1005, 1009 (7th Cir. 2002)("[W]hen the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as

frivolous, the district judge need not wait for an answer before dismissing the suit.").

Plaintiff explains in his letters that he filed a lawsuit in circuit court about these claims in 2013, that he did not know that he had to keep the circuit court informed that he was no longer incarcerated, and that he did not learn of that case's dismissal until some time later, when he was asking the clerk about his fines and retrieving his driving license. (d/e 10 p. 1.)

The only case the Court could find filed by Plaintiff in Sangamon County is a mandamus action filed against Mark Brady, who is also a Defendant in this case. 2014-MR-576. That case was dismissed on December 1, 2014. That order appears to have been returned as undeliverable about a week later. Id.

The circuit court case does not make this action timely. Plaintiff's claims about unreasonable search and seizure and not being read his *Miranda* rights accrued when the alleged misconduct occurred on August 6, 2013, more than four years before Plaintiff filed this action. *See* Neita v. City of Chi., 830 F.3d 494, 498 (7th Cir. 2016)("A Fourth Amendment claim accrues at the time of the search or seizure."). Plaintiff's claim for arrest and pretrial

detention without probable cause accrued at the latest when Plaintiff was released from detention on those charges in August 2014, more than three years before Plaintiff filed this action. Manuel v. City of Joliet, 137 S.Ct. 911 (2017); Lewis v. City of Chicago, 914 F.3d 472, 478 (7th Cir. 2019)(wrongful pretrial detention claim accrues when the detention ends). That Plaintiff was detained the next year on different charges does not affect the analysis.

Even assuming for the sake of argument that the state court mandamus action tolled the statute of limitations for this action, the mandamus action was dismissed on December 2014, three years before Plaintiff filed this case. Plaintiff's failure to keep track of that case is not grounds to extend the statute of limitations in this case. Tobey v. Chibucos, 890 F.3d 634, 646 (7th Cir. 2018)("[Plaintiff's] ignorance of his legal rights does not affect the accrual of his claim for statute of limitations purposes.").

**IT IS ORDERED:**

1) Plaintiff's motion for counsel is denied because Plaintiff has not demonstrated reasonable efforts to find counsel on his own.

(d/e 9.) The Court also notes that Plaintiff's filings coherently communicate the facts giving rise to his claims.

2) Plaintiff's letters filed as motions are granted in part and denied in part. (d/e's 10, 11, 12.) The motions are granted to the extent the Court has considered Plaintiff's arguments and allegations therein. The motions are denied to the extent Plaintiff seeks reconsideration of the Court's first merit review order.

3) This action is dismissed with prejudice as barred by the two-year statute of limitations.

4) The clerk is directed to close this case and enter a judgment.

5) Plaintiff must still pay the full filing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

6) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in

forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

ENTERED: 7/9/2019

FOR THE COURT:

__s/Sue E. Myerscough__
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE